IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven A. Smith, | ) | C/A No. 0:10-297-RMG-PJG |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Darlene Drew, | ) | |
| Respondent. | ) | |

The petitioner, Steven A. Smith ("Smith"), a self-represented federal prisoner currently housed at FCI-Bennettsville of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 42 U.S.C. § 2241. In his Petition, Smith alleges that he is entitled to additional custody credit. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 11.) Smith filed a response in opposition. (ECF No. 17.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted and Smith's Petition denied.

## BACKGROUND

Smith was arrested on October 2, 2002[1] by the Sheriff's Department of Greenville County, South Carolina for distribution of crack cocaine. (Johnson Decl. ¶ 6, ECF No. 10-1 at 3.) Smith remained in custody in Greenville County on this charge. (Id.) An indictment was filed in the United States District Court for the Middle District of Pennsylvania on November 20, 2002 charging Smith with conspiracy to possess with intent to distribute 50 grams or more of cocaine base. (Id. at ¶ 7, ECF No. 10-1 at 3.)

On November 22, 2002, the state court sentenced Smith to 10 years' imprisonment for a probation violation stemming from state convictions entered on June 20, 2000. (Id. at ¶ 8, ECF No. 10-1 at 3.) Following his state sentencing, Smith was placed into the custody of the South Carolina Department of Corrections ("SCDC"). (Id.) On December 17, 2002, the State *nol prossed* Smith's state charge for distribution of crack cocaine due to federal prosecution of this charge. (Id. at ¶ 9, ECF No. 10-1 at 3.)

Thereafter, the United States Marshals Service ("USMS") transferred Smith pursuant to a federal writ of habeas corpus *ad prosequendum* from state custody to appear in federal court in the United States District Court for the Middle District of Pennsylvania.[2] (Id., ECF No. 10-1 at 4.) On

---

[1] The court observes that J. R. Johnson's Declaration indicates that Smith was arrested on October 11, 2002. (Johnson Decl. ¶ 6, ECF No. 10-1 at 3.) However, this date appears to be an error. When discussing Smith's pre-trial jail credit, Johnson's Declaration references October 2, 2002 as the "arrest date credited by the state." (Id. ¶ 18, ECF No. 10-1 at 7.) Further, the calculation contained in the Sentence Monitoring Computation Data sheet indicates that Smith has been awarded 51 days of pre-trial jail credit toward his federal sentence, consisting of the time from October 2, 2002 through November 21, 2002.

[2] The parties appear to disagree as to the date this occurred. However, for the reasons discussed below, this discrepancy does not affect Smith's sentence calculation.



February 3, 2005, the United States District Court for the Middle District of Pennsylvania sentenced Smith to 144 months' imprisonment, to run concurrently with Smith's state sentence for the probation violation. (Id. at ¶ 10, ECF No. 10-1 at 4.) Smith was returned to the custody of SCDC on April 15, 2005 to complete service of his state sentence. (Id. at ¶ 11, ECF No. 10-1 at 4.) On February 1, 2008, Smith was granted parole on his state sentence and released to the USMS to complete service of his federal sentence. (Id.) Thereafter, Smith has remained in federal custody.

BOP calculated Smith's federal sentence as commencing on February 3, 2005—the day it was imposed—and credited him with a total of 51 days of prior custody credit from and including October 2, 2002 (the arrest date credited by the state) through November 2, 2002 (the day before his state sentence commenced). (See Sentence Monitoring Computation Data, ECF No. 10-1 at 16-17.) Smith's projected release date is May 29, 2015. (Id.)

Smith contends in his Petition that he is entitled to additional custody credit for the time he spent in federal custody prior to receiving his federal sentence on February 3, 2005.

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

*PJG*

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial,

115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**C.      Discussion**

As stated above, Smith contends that he is entitled to additional credit for the time he spent in federal custody prior to receiving his federal sentence on February 3, 2005. Specifically, Smith alleges that he is entitled to 762 days' credit toward his federal sentence. Smith appears to have reached this calculation by using the dates March 2, 2003 through April 3, 2005.[3] (Pet., ECF Nos. 1 at 5; 1-1 at 2.)

The BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. United States v. Wilson, 503 U.S. 329, 333-35 (1992); 28 C.F.R. § 0.96. According to 18 U.S.C. § 3585(a), "[A] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." In this case, because the district court ordered Smith's sentence to run concurrently with his undischarged state sentence that he was already serving, BOP determined that Smith's federal

---

[3] Using these dates actually results in 764 days of credit if the last day is included in the calculation. Further, the court observes that a portion of this time (February 3, 2005 through April 3, 2005) has already been applied towards Smith's federal sentence.

*PJG*

sentence commenced on the earliest date possible, February 3, 2005.[4]  (Johnson Decl. ¶ 15, ECF No. 10-1 at 5); see also Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).

Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

As discussed above, Smith was in state custody following his arrest on October 2, 2002 through his state sentencing on November 22, 2002, and remained in state custody until he was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Smith received 51 days of credit towards his *state* sentence for this time period. Additionally, pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971), a limited exception has been recognized to § 3585(b)'s prohibition of awarding pre-trial detention time toward a federal sentence that has

---

[4] Smith's response in opposition to the respondent's motion for summary judgment raises issues concerning *nunc pro tunc* designation of a state facility to serve his federal sentence. See 18 U.S.C. § 3621(b) (vesting BOP with designation authority); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) (discussing *nunc pro tunc* review of whether a state prison should be designated as the federal prisoner's place of federal confinement). However, the court observes that BOP determined that Smith's sentenced commenced on February 3, 2005, the day that it was imposed, and Smith has been receiving credit towards his federal sentence since that date, even though he was not released from state custody until February 1, 2008. Therefore, Smith cannot show that *nunc pro tunc* designation of the state facility entitles him to any additional time towards his federal sentence. See, e.g., Butler v. O'Brien, C/A No. 7:08-CV-00470, 2009 WL 187693 (W.D. Va. Jan. 26, 2009).



already been awarded to another sentence. In recognition of Willis, BOP applied the 51 days of pre-sentence jail credit toward Smith's federal sentence as well.

In his Petition and in response to the respondent's motion for summary judgment, Smith appears to present several arguments to support his claim that he is entitled to additional prior custody credit on his federal sentence, which are addressed in turn.

First, Smith alleges that he is entitled to receive credit toward his federal sentence for the time spent in federal custody prior to the date of his federal sentence. However, during the requested time period, Smith was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that, pursuant to the predecessor of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ *ad prosequendum* and citing a collection of case law). In fact, Smith received credit for this time towards his state sentence as time served. (Johnson Decl. ¶17, ECF No. 10-1 at 6.) Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333 (1992) ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (explaining that the record shows that the petitioner received credit toward his state sentence for that same time period and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C.

*PJG*

§ 3585(b) against double crediting"); Tisdale v. Menifee, 166 F. Supp. 2d 789, 792 (S.D.N.Y. 2001) (stating that "§ 3585(b) precludes [the petitioner] from receiving 'double credit' for [the same] time on both his state and federal sentences"). Thus, contrary to the petitioner's allegation, he is not entitled to additional credit for the time he spent in custody on the writ of habeas corpus *ad prosequendum* towards his federal sentence.

Second, to the extent Smith relies on the mere existence of the federal detainer while he was serving his state sentence as a reason entitling him to additional federal credit, the court observes that a detainer filed to hold a prisoner to serve a federal term does not change his state custody status. See Thomas, 962 F.2d at 360. A detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon release from prison. Id. at 360-61.

Third, Smith's reliance on United States v. Benefield, 942 F.2d 60 (1st Cir. 1991), and Rios v. Wiley, 201 F.3d 257 (3d Cir. 2002), is misplaced. The Benefield court held that a district court, in imposing a concurrent sentence, could give the defendant credit for time he had previously served on his state sentence. Benefield, 942 F.2d at 66-67. The Rios court concluded that the sentencing court's use of the language "credit for time served" in imposing a federal sentence to run concurrently with an existing state sentence, supported by other things in record, evidenced the court's intent to credit the defendant's federal sentence with time he spent detained on a federal writ while serving a state sentence. Rios, 201 F.3d at 266-70. As an initial matter, both of these cases were decided pursuant to a provision of the sentencing guidelines that has since been amended. Further, in this case, it is undisputed that the district court ordered Smith's federal sentence to run currently to his state sentence; however, Smith has failed to provide any evidence that the district

court ordered him to receive credit for the time served on his state sentence towards his federal sentence. (See ECF No. 17-1.)

Finally, to the extent that Smith is seeking to challenge the sentence issued by the sentencing court, such relief must be sought through a writ of habeas corpus under 28 U.S.C. § 2255 in the district of conviction.[5] See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Similarly, Smith's request that this matter to be "transferr[ed] . . . to the Sentencing Court for further clarification [of his sentence] pursuant to Title 28 U.S.C. § 1631" should be denied. (Petr.'s Resp. Opp'n Summ. J. at 5, ECF No. 17 at 5.)

Thus, based on all of the foregoing and contrary to Smith's belief, he is not entitled to any credit against his federal sentence for any of the time he spent in state custody. Accordingly, Smith has not established that he is entitled to habeas relief on this basis.

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondent's motion for summary judgment (ECF No. 10) be granted and Smith's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] In fact, it appears that this request may have already been denied by the sentencing court. (See ECF No. 17-1 at 3 n.1.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).