emailed 11-24-10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 NOV 23 P 4:37

| | |
|---|---|
| Steven A. Smith,<br>    Petitioner,<br><br>v.<br><br>Darlene Drew,<br>    Respondent. | Case No. 0:10-cv-297-RMG-PJG<br><br>**ORDER** |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 42 U.S.C. § 2241. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 20). Petitioner has filed objections to the R&R. (Dkt. No. 23). As explained herein, this Court agrees with the Report and Recommendation and grants Respondent's motion for summary judgment. Petitioner has failed to "specifically" object to the Report and Recommendation as he has simply restated the same arguments presented to the Magistrate Judge in opposition to the motion for summary judgment.

## LAW/ANALYSIS

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner filed his "objections" on November 16, 2010. (Dkt. No. 23).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Petitioner's "objections" merely restate word for word or rehash the same arguments presented in his return to Respondent's motion for summary judgment. (*See* Dkt. No. 17 *compare with* Dkt. No. 23). Therefore, Petitioner has not really provided this Court with objections to address.

Nonetheless, out of an abundance of caution and given Petitioner's *pro se* status, this Court reviewed the Record *de novo* and the Record reflects that Smith contends that he is entitled to additional credit for the time he spent in federal custody prior to receiving his federal sentence. Specifically, Smith alleges that he is entitled to 762 days' credit toward his federal sentence. However, it is well settled that the BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); 28 C.F.R. § 0.96. Specifically, 18 U.S.C. § 3585(a), provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." In this case, because the district court ordered Smith's sentence to run concurrently with his undischarged state sentence that he was already serving, the BOP determined that Smith's federal sentence commenced on the earliest date possible, February 3, 2005. (Dkt.

No.10-1 at 5); *see also Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)). Smith was in state custody following his arrest on October 2, 2002 through his state sentencing on November 22, 2002, and remained in state custody until he was transferred into federal custody pursuant to a *writ of habeas corpus ad prosequendum*. Smith received 51 days of credit towards his state sentence for this time period. Further, in recognition of *Willis v. United States*, the BOP applied the 51 days of presentence jail credit toward Smith's federal sentence as well. *Willis*, 438 F.2d 923 (5th Cir. 1971) (creating a limited exception to § 3585(b)'s prohibition of awarding pre-trial detention time toward a federal sentence that has already been awarded to another sentence). Based on these authorities, Smith fails on his claim that he is entitled to additional prior custody credit on his federal sentence.[1]

Based on the above authority and the Record in this matter, the Court finds no error of law made in the Magistrate Judge's Report and Recommendation. Thus, this Court finds that the issues Petitioner has raised were correctly addressed by the magistrate. This Court will not address the same issues a second time.

## CONCLUSION

After a thorough and *de novo* review of the record, magistrate judge's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate judge's Report and

---

[1] To the extent that Smith is seeking to challenge the sentence issued by the sentencing court, such relief must be sought through a writ of habeas corpus under 28 U.S.C. § 2255 in the district of conviction. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment is **GRANTED**. *See Lewis v. Eagleton*, 2010 WL 1903986 (D.S.C. May 10, 2010) (adopting the report and recommendation of the magistrate where the petitioner merely rehashed the same arguments presented to the magistrate judge).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 23, 2010
Charleston, South Carolina